UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID BRIGNAC                                          CIVIL ACTION

VERSUS                                                 NUMBER: 15-4907

FREDERICK SMITH, ET AL.                                SECTION: "B"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, David Brignac, against Defendants, some 16 specifically or fictitiously named Jefferson Parish officials who were involved in the circumstances resulting in Plaintiff's present incarceration or in the conditions of the Jefferson Parish Correctional Center ("JPCC"), where he was housed following his arrest and at the time that he initiated this lawsuit. (Rec. doc. 1). As a result of a Partial Report and Recommendation previously issued by the undersigned and subsequently adopted by the Senior District Judge, the claims that Plaintiff made in this matter were significantly pared down, leaving for resolution only his §1983 failure-to-protect claim against Deputies Nelson and Green of the JPCC and his §1983 freedom-of-religion claim against Defendants who were identified only as "John Doe." (Rec. docs. 5, 20).

Consistent with the terms of the order allowing Plaintiff to proceed IFP in this matter (rec. doc. 3, p. 1), by correspondence dated July 25, 2016, JPCC personnel advised the Court that Plaintiff had been transferred from that facility to the Madison Correctional Center ("MCC") in Tallulah, Louisiana, on June 5, 2016. (Rec. doc. 24). Accordingly, and as is required by Local Rule 11.1, by order dated August 3, 2016, Plaintiff was ordered to formally notify the Court of his present whereabouts by filing a change of address into the record of this proceeding on or before August 19, 2016. (Rec. doc. 25). A copy of that order was mailed

to Plaintiff at MCC (docket entry foll. rec. doc. 25) and was recently returned as undeliverable with a notation that Plaintiff is no longer housed there.  (Rec. doc. 28).  Despite the passing of the designated date, no change of address has been forthcoming from Plaintiff.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of a plaintiff to prosecute his case or to comply with a court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).  In addition, Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address ... change."  The practical considerations that the Local Rule was intended to address were touched upon by the Fifth Circuit years ago, as follows:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

> *State v. Shannon*, No. 87-CV-3951,
> 1998 WL 54768 at *1 (E.D. La. May 23, 1988)
> (quoting *Perkins v. King*, No. 84-3310,
> slip. op. at *4 (5th Cir. May 19, 1985)).

Simply put, Local Rule 11.1 imposes an affirmative obligation on parties like Plaintiff[1] to keep the Court apprised of their current mailing addresses and relieves court personnel

---

[1] While the vast amount of court-generated information is transmitted to litigants electronically via the CM/ECF system, communications with *pro se* plaintiffs are still conducted primarily by mail.

of that burden. *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *St. Juniors v. Burgess*, No. 15-CV-0350, 2016 WL 4368230 (E.D. La. Aug. 16, 2016); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. Mar. 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007).

As noted above, Plaintiff has failed to keep the Court apprised of a current mailing address as is required by Local Rule 11.1.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the twenty-sixth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  (Rec. doc. 1, p. 26).  Plaintiff has also disregarded a specific order of the Court directing him to fulfill his obligation under Local Rule 11.1.  (Rec. doc. 25).  Plaintiff's inaction in this regard has deprived the Court of the ability to communicate with him and, consequently, to advance his case on the docket.  As Plaintiff is proceeding *pro se* in this matter, these failures are attributable to him alone.  Accordingly, it will be recommended that Plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79

F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this ___23rd___ day of _____August_____, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.